UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

```
*********************************************
In Re:                                       *
                                             *   Chapter 7
    Walter J. Dunfey, II,                    *
                                             *   Case No. 03-10819-MWV
                                             *
                 Debtor                      *
*********************************************
Michael S. Askenaizer, Trustee,              *
                                             *
                 Plaintiff                   *
v.                                           *   Adversary No. _____
                                             *
Robert Wallace, Nancy Lacourse,              *
and James Dion,                              *
                 Defendants                  *
                                             *
*********************************************
```

# COMPLAINT

## PARTIES AND JURISDICTION.

1. Plaintiff is the duly appointed Chapter 7 Trustee in this case, and has a place of business at 60 Main Street, Nashua, New Hampshire 03060.

2. The Defendant Robert "Bobby" Wallace is an individual who resides at 12 Rachel Drive, Sanford, Maine.

3. The Defendant James Dion is an individual who resides in Sanford, Maine.

4. The Defendant Nancy Lacourse is an individual who resides at 12 Rachel Drive, Sanford, Maine.

5. This is an action brought to recover a fraudulent conveyance pursuant to 11 U.S.C. §548. This is also an action under 11 U.S.C. §544. Jurisdiction resides in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C.

§1334(b).

6. Venue is appropriate in this district as this is the district in which the case is pending pursuant to 11 U.S.C. §1409(a).

7. This matter has been referred to this Bankruptcy Court by the Order by the United States District Court for the District of New Hampshire dated January 18, 1994 as of November 12, 1993 captioned "In Re: Referral of Title 11 Proceedings for the United States Bankruptcy Judges for this District."

8. This is a core proceeding pursuant to 28 U.S.C. 157(b).

## BACKGROUND FACTS

9. Robert Wallace met Walter Dunfey sometime in 2000 or 2001.

10. The Debtor Walter Dunfey and Robert Wallace struck up a relationship of some kind at that point. During the calendar year 2001, the Debtor Walter Dunfey caused to be paid to or on behalf of Robert Wallace cash sums in the aggregate amount of $9,793.93. See *Exhibit A* attached hereto and made a part hereof.

11. The Debtor has failed to satisfactorily explain, and nobody else has satisfactorily explained, the payment of those sums to or on behalf of Robert Wallace.

12. The sums in 2001 were not usually paid directly to Robert Wallace. Instead, they were paid to others on his behalf. In particular, and without limiting the foregoing, the sums were paid to Nancy Lacourse, Robert Wallace's girlfriend, and to James Dion, Robert Wallace's ex-brother-in-law.

13. From at least the beginning of the year 2001, and during the year 2002, the Debtor Walter Dunfey was in financial difficulty. The Debtor was, throughout the period January 1, 2001 through the date of the filing of the bankruptcy petition in this

case, incapable of paying his debts as they came due.

14. Upon information and belief, throughout the period January 1, 2001 through the date of the filing of the bankruptcy petition the Debtor was or became insolvent as a result of the transactions described in this complaint.

15. On or about May or June of 2002, the Debtor entered into an agreement to sell the business known as Portsmouth Heritage Cruises, Inc. and the boat associated therewith to Andrew Cole or his designee.

16. The Purchase & Sale Agreement between the Debtor and Mr. Cole provided for a down payment of the sum of $25,000.00.

17. On information and belief, the sum of $25,000.00 was paid to Robert Wallace by Mr. Cole. Upon information and belief, Robert Wallace thereafter paid that sum of Key Bank and obtained a release of the lien of Key Bank on the boat known as the John Wanamaker (a different boat). The John Wanamaker was a tug outfitted as a restaurant operated by a dissolved corporation known as Dunfey Marine Enterprises, Inc. which vessel was owned by the Debtor Walter Dunfey (and, in November, 2002, sold to South coast Express, Inc.).

18. Pursuant to the Purchase & Sale Agreement between Mr. Cole and Mr. Dunfey, Mr. Cole paid the balance of the Purchase price by satisfaction of a judgment obtained against Mr. Dunfey and by the payment of cash to Mr. Dunfey in the amount of $90,000.00.

19. Mr. Dunfey's testimony at the 341 meeting is that he converted the $90,000.00 to cash and received from the bank in which it was deposited the sum of $89,900.00 in one hundred dollar bills. Mr. Dunfey's testimony is that he gave that

$90,000.00 in cash to Robert Wallace.

20. On or about October 16, 2002, the Debtor Walter Dunfey entered into a Purchase and Sale Agreement for the sale of the vessel the John Wanamaker. That Purchase & Sale Agreement was entered into with South Coast Express, Inc., acting through its president, George Walker.

21. On or about November 12, 2002, Mr. Dunfey executed a Bill of Sale to South Coast Express, Inc.

22. South Coast Express, Inc. paid the sum of $60,000.00 in exchange for the boat known as the John Wanamaker and certain associated personal property. Of the monies paid by South Coast Express, Inc. at least $45,000.00 went to Robert Wallace.

## COUNT I

23. Each of the foregoing allegations is hereby realleged and incorporated.

24. Each of the transfers by the Debtor to Robert Wallace in the year 2002, including particularly, and without limitation, the transfer of $89,900.00 in July of 2002 and the sum of $45,000.00 in the fall of 2002 are transfers made without the receipt of reasonably equivalent consideration.

25. Each of the transfers from Mr. Dunfey to Mr. Wallace were made at a time when the Debtor was insolvent or as a result of such transfer became insolvent.

26. Each of the transfers made by Mr. Dunfey to Mr. Wallace were transfers made at a time when Mr. Dunfey was engaged in business for which the property remaining with Mr. Dunfey constituted an unreasonably small capital.

27. At the time of each of the transfers from Mr. Dunfey to Mr. Wallace, Mr. Dunfey believed that he would incur debts that would be beyond his ability to pay as

such matured.

*WHEREFORE*, the Trustee respectfully requests a judgment in an amount not less than $134,900.00 against Mr. Wallace pursuant to 11 U.S.C. §548(a)(1)(B) and 11 U.S.C. §550(a)(1), and that the Trustee be granted such other and further relief as is just and equitable.

## COUNT II

28. Each of the foregoing allegations is hereby realleged and incorporated.

29. In the alternative to Count II, if, and to the extent that there was some obligation owing by Mr. Dunfey to Mr. Wallace, then the Trustee says as follows:

30. Mr. Wallace was, at all relevant times, an insider with respect to Mr. Dunfey, and, in particular, and without limiting the foregoing, during at least the period May 1, 2002 through December 31, 2002 Mr. Wallace participated intimately in the management of the business affairs of Mr. Dunfey.

31. In the event that there was any obligation owing by Mr. Dunfey to Mr. Wallace, then the Trustee says that the transfer by Mr. Dunfey to Mr. Wallace was to or for the benefit of a creditor on account of an antecedent debt made while the Debtor was insolvent, and made within one year before the date of the filing of this bankruptcy petition.

32. Further, the Trustee says that Mr. Wallace was, at the time of the transfer of the $89,900.00 in July of 2002, and the $45,000.00 in the fall of 2002, an insider with respect to Mr. Dunfey.

33. Each of the foregoing transfers enabled Mr. Wallace to receive more than

Mr. Wallace would have received if the case were a case under Chapter 7 of this title, the transfer had not been made, and if Mr. Wallace received payment of such debt to the extent provided by the provisions of this title.

**WHEREFORE**, the Trustee demands judgment against Mr. Wallace in an amount not less than $134,900.00 pursuant to 11 U.S.C. §547 and 11 U.S.C. §550(a)(1).

## COUNT III

34. In the alternative to each of the foregoing counts, and in the event that Mr. Wallace seeks to assert and prove that he is merely holding the moneys delivered to him by Mr. Dunfey on Mr. Dunfey's behalf, then the Trustee says as follows:

35. The sums being held are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

36. Pursuant to 11 U.S.C. §542(a), Mr. Wallace is required to deliver to the Trustee and account for the property so held.

37. The Trustee says that the property so held is not of inconsequential value or benefit to the estate.

**WHEREFORE**, the Trustee demands judgment against Mr. Wallace pursuant to 11 U.S.C. §542(a).

## COUNT IV

38. Each of the foregoing allegations are hereby realleged and incorporated. The Trustee says as follows with respect to the $9,793.99 delivered to or for the benefit of Mr. Wallace in the calendar year 2001.

39. Transfers made in the year 2001 to Mr. Wallace, Ms. Lacourse, and Mr. Dion, were transfers made without receiving reasonably equivalent value in exchange for the transfers.

40. The transfers made in 2001 to and on behalf of Mr. Wallace, Mr. Dion and Ms. Lacourse were transfers made at a time when the Debtor had an unreasonably small capital, and unreasonably small assets in relation to the business or transaction in which the Debtor was engaged.

41. The transfers made to and on behalf of Mr. Wallace, and to Mr. Dion, and to Ms. Lacourse were transfers made at a time when the Debtor believed that he would incur debts beyond his ability to pay as they became due.

42. The transfers made to Mr. Wallace, Mr. Dion and Ms. Lacourse are voidable by creditors existing as of the date of the bankruptcy petition pursuant to N.H. R.S.A. 545-A:4(I).

43. The Trustee says that the transfers made to or on behalf of Mr. Wallace, and to Ms. Lacourse, and to Mr. Dion were transfers made at a time when the Debtor was insolvent, and were transfers made without the receipt of reasonably equivalent in exchange for the transfer.

44. The foregoing transfers are voidable by creditors that existed in 2001 and after the filing of the bankruptcy petition pursuant to N.H. R.S.A. 545-A:5(I).

45. The transfers may therefore be avoided by the Trustee pursuant to 11 U.S.C. §545(b).

46. The transfers being avoided pursuant to 11 U.S.C. §544(b), the Trustee is entitled to judgment against Mr. Wallace to the extent of the value of the transfers. 11

U.S.C. §550(a)(1).

47. The Trustee is entitled to judgment against Ms. Lacourse as the initial transferee in the amount f $1,151.00. 11 U.S.C. §550(a)(1).

48. The Trustee is entitled to judgment against James Dion in the amount of $6,215.00 pursuant to 11 U.S.C. §550(a)(1).

**COUNT V**

49. Each of the jurisdictional allegations are hereby realleged and incorporated herein.

50. Between approximately the end of September and October 31, 2002, James Dion obtained payment from Hannaford Bros. Supermarkets on the following checks in the following amounts:

| Check | Amount |
|---|---|
| 8839 | $596.84 |
| 8826 | $594.81 |
| 8833 | $592.84 |
| 8827 | $592.81 |
| 8873 | $596.81 |
| 8874 | $596.81 |
| 8875 | $596.81 |
| 8828 | $596.49 |
| 8831 | $594.89 |
| 8843 | $553.72 |
| 8845 | $496.83 |
| 3347 | $496.83 |
| 8852 | $596.85 |
| 8853 | $596.85 |
| 8872 | $596.85 |
| 8851 | $596.85 |
| 8841 | $586.61 |
| 8867 | $596.85 |
| 8868 | $596.85 |
| 8869 | $596.85 |
| 8871 | $596.85 |
| 8839 | $596.84 |
| 8856 | $596.85 |

|      |         |
|------|---------|
| 8857 | $596.85 |
| 8866 | $596.85 |
| 8838 | $596.84 |
| 8826 | $594.81 |
| 8851 | $596.84 |
| 8874 | $596.81 |
| 8837 | $494.86 |
| 8828 | $596.49 |
| 8831 | $594.89 |
| 8855 | $596.85 |

51. On information and belief, the foregoing checks were cashed by Hannaford Bros. Supermarket.

52. On information and belief, the foregoing checks were thereafter presented to Granite State Bank.

53. On information and belief, the foregoing checks were each bounced by the bank after the supermarket had supplied the cash for them.

54. On information and belief, each of the foregoing checks were made payable to James Dion.

55. On information and belief, James Dion received the proceeds thereof.

56. On information and belief, James Dion did not provide services of any kind and was not owed money of any kind from the Debtor.

57. The Debtor appears as the maker on each of the foregoing checks by virtue of the use of signature stamp.

58. The Debtor, or his bankruptcy estate, is liable to the holder of the said checks.

59. Mr. Dion, having wrongfully received the proceeds of the said checks, is obligated to repay the proceeds thereof back to the estate.

9

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter judgment against Mr. Dion in the amount of not less than $19,323.68.

## COUNT VI

60. Each of the foregoing allegations are realleged and incorporated.

61. The transfer of the funds represented by each of the foregoing checks, and the creation of an obligation of the estate arising by virtue of each of the foregoing checks is a transfer of funds, or the incurrence of an obligation to Mr. Dion for less than reasonably equivalent value.

62. The foregoing transfer or creation of an obligation was made at a time that the Debtor was insolvent.

63. The foregoing transfer or the creation of such obligation is a fraudulent transfer pursuant to 11 U.S.C. §548.

64. The foregoing transfer may be avoided pursuant to 11 U.S.C. §548, and the Trustee is entitled to judgment against Mr. Dion in the amount of the said transfer pursuant to 11 U.S.C. §550(a)(1).

**WHEREFORE,** the Trustee demands judgment:

    a. Against Robert Wallace;

    b. Against James Dion;

    c. Against Nancy Lacourse; and

    d. For such other and further relief as is just and equitable.

Respectfully submitted,
MICHAEL S. ASKENAIZER, TRUSTEE

By his attorneys

FORD & WEAVER, P.A.

Dated: December 19, 2003  By: /s/ Edmond J. Ford
Edmond J. Ford (BNH 01217)
10 Pleasant Street, Suite 400
Portsmouth, NH 03801
603-433-2002 Telephone
603-433-2122 Facsimile
eford@fordandweaver.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2003 a copy of the foregoing has been forwarded to the following:

Michael S. Askenaizer, Esquire
Law Offices of Michael S. Askenaizer
60 Main Street
Nashua, NH 03060

Geraldine L. Karonis
Assistant United States Trustee
66 Hanover Street, Suite 302
Manchester, NH 03101

Peter V. Doyle, Esquire
SHAINES & MCEACHERN, P.A.
25 Maplewood Avenue
P.O. Box 360
Portsmouth, NH 03802-0360

Robert Wallace
12 Rachel Drive
Sanford, Maine 04073

Nancy Lacourse
12 Rachel Drive
Sanford, Maine 04073

James Dion

Sanford, Maine 04073

/s/ Edmond J. Ford
Edmond J. Ford

F:\WPDATA\Ed\1808-016\Adv v. Wallace\complaint.wpd